UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Essex Insurance Company**, <br> 4521 Highwoods Parkway <br> Glen Allen, VA 23060-6148 <br><br> Plaintiff, <br><br> v. <br><br> **Night & Day Management, LLC t/a The Fur Factory** <br> 33 Patterson Street, N.E. <br> Washington, D.C. 20002 <br><br> Registered Agent: <br> Simon M. Osnos <br> 2440 Virginia Ave., N.W., #D-1304 <br> Washington, D.C. 20037 <br><br> **Michael Rehman** <br> 12001 Galena Road <br> Rockville, MD 20852 <br><br> **Michael Persons** <br> 2602 Brinkley Road, #410 <br> Fort Washington, MD 20744 <br><br> **John Fiorito** <br> 2701 Calvert St., N.W., Apt. #702 <br> Washington, D.C. 20008 <br><br> Defendants. | CIVIL ACTION NO. |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Essex Insurance Company ("Essex"), for its Complaint for Declaratory Relief against the Defendants named above, alleges as follows:

1.   This is an action by Essex for a declaratory judgment regarding its rights and obligations under Commercial General Liability Policy No. 3CK9807 issued to Night & Day Management, LLC t/a the Fur Factory ("Night & Day") for the policy period August 26, 2004 to

334828 v 1

August 26, 2005 (the "Policy").

2. Essex seeks a declaration from this Court that the Policy does not provide coverage to Defendants Night & Day, Michael Rehman ("Rehman"), Michael Persons ("Persons") and John Fiorito ("Fiorito") in regard to the claims made against them in the underlying lawsuit captioned *Mazloum v. District of Columbia, et al.* (D.D.C. Case No. 1:06cv00002 (the "*Mazloum* Action"). A true and correct copy of the most recent amended complaint filed in the *Mazloum* Action is attached as Exhibit A (the "*Mazloum* Complaint").

## PARTIES

3. Plaintiff Essex is a corporation organized under the laws of Delaware with its principal place of business in Glen Allen, Virginia.

4. On information and belief, Defendant Night & Day is a limited liability corporation incorporated under the laws of the District of Columbia with its principal place of business in the District of Columbia. At all times relevant to this dispute, Night & Day owned and operated FUR Nightclub (the "Nightclub") located at 33 Patterson Street, N.E., Washington, D.C. 20002 that is the subject of the *Mazloum* Complaint.

5. On information and belief, Defendant Rehman is and was, at all times relevant to this dispute, a manager of Night & Day, and he resides at 12001 Galena Road, Rockville, Maryland 20852.

6. On information and belief, Defendant Persons was, at all times relevant to this dispute, an employee of Night & Day working as a bouncer at the Nightclub, and he resides at 2602 Brinkley Road, #410, Fort Washington, Maryland 20744.

7. On information and belief, Defendant Fiorito was, at all times relevant to this dispute, affiliated with Night & Day, and he resides at 2701 Calvert Street, N.W., Apt. #702,

Washington, D.C. 20008.

## JURISDICTION AND VENUE

8. This is an action by Essex pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding its rights and obligations under a policy of insurance issued to Night & Day. There is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims at issue occurred in the District of Columbia.

## FACTUAL ALLEGATIONS

### The Policy

10. Essex issued the Policy to Night & Day for the policy period August 26, 2004 to August 26, 2005. A true and correct copy of the Policy is attached as Exhibit B.

11. Subject to all of its terms, conditions and limitations, the Policy provides coverage for bodily injury and property damage caused by an occurrence that took place during the policy period. The Policy affords coverage of $1 million per occurrence and a $2 million aggregate limit of liability.

### The Alleged Beating of Mazloum

12. According to the complaint filed in the *Mazloum* Action, on or around March 11-12, 2005, Mazloum was a patron of the Nightclub. *See Mazloum* Complaint ¶¶ 2, 15 (Ex. A).

13. On the night of March 11-12, shortly after midnight, Mazloum allegedly was beaten and assaulted by two off-duty District of Columbia police officers and Defendant Persons. *See id.* ¶¶ 18-26 (Ex. A).

14. In particular, Mazloum alleges that he was grabbed from behind by Defendant Persons and forcibly taken down a flight of stairs. At the bottom of the stairs, Mazloum was forced to the ground and punched and kicked from behind and in the face by two off-duty District of Columbia police officers and Defendant Persons, causing Mazloum to bleed from his face and nose. *See id.* ¶ 22 (Ex. A).

15. Thereafter, the two off-duty District of Columbia police officers and Defendant Persons allegedly dragged Mazloum, who was handcuffed, up a flight of stairs, out of the Nightclub and dropped him on his back, causing his head to strike the pavement of the street. While in the street, one of the off-duty District of Columbia police officers allegedly kicked Mazloum and called him a "fucking Al-Qaeda." *See id.* ¶¶ 23-25 (Ex. A)

16. Uniformed on-duty District of Columbia police officers soon arrived, took custody of Mazloum and removed the handcuffs. After being released from custody, Mazloum later was taken to a hospital by a friend because he required medical attention. *See id.* ¶¶ 27-34 (Ex. A).

## The Alleged Cover Up And Destruction of Evidence

17. The day after the assault, Mazloum reported the incident to the District of Columbia Metropolitan police department. *See id.* ¶¶ 35-40 (Ex A).

18. One of the officers who allegedly assaulted Mazloum allegedly contacted Defendants Rehman and Fiorito and "discussed with them the importance of destroying the security camera film which would show the beating of Mr. Mazloum." *See id.* ¶ 41 (Ex. A).

19. Thereafter, Defendants Rehman and Fiorito allegedly "oversaw, authorized, and/or participated in the destruction of videotape evidence from security camera monitors mounted inside and outside the Nightclub that would have shown Mr. Mazloum being kicked

and beaten." *See id.* ¶ 92 (Ex. A).

### The Mazloum Action

20. On January 4, 2006, Mazloum filed a complaint against the District of Columbia, one officer of District of Columbia Metropolitan Police Department, Night & Day and Rehman. The complaint also named numerous John Doe defendants.

21. On March 7, 2006, Mazloum filed a first amended complaint against the District of Columbia, six officers of District of Columbia Metropolitan Police Department, Night & Day, Rehman, Persons and Fiorito. The additional named individual defendants reflected that Mazloum presumably had identified the John Doe defendants since initially filing his lawsuit.

22. The *Mazloum* Action asserts nine causes of action in total, five of which are against Night & Day, Rehman, Persons and Fiorito.

23. In particular, Mazloum asserts causes of action for assault and battery (Count II), conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985 (Count III), violations of the D.C. Human Rights Act pursuant to D.C. Code §§ 2-1401.01 et seq. (Count V), common law conspiracy (Count VI), and reckless/negligent spoliation of evidence (Count VIII). *See id.* ¶¶ 58-68, 73-84, and 90-97 (Ex. A).

24. On June 27, 2006, the Court in the Mazloum Action dismissed the counts for conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985 (Count III) and common law conspiracy (Count VI).

25. The *Mazloum* Complaint seeks unspecified compensatory and punitive damages, attorneys fees, and requests for injunctive relief directed to the District of Columbia.

### CONTROVERSY AND RIPENESS

26. There is an actual, ripe and live controversy between the parties regarding their

respective rights and obligations under the Policy in connection with the *Mazloum* Action.

## COUNT I

### Essex is Entitled to Declaratory Relief Because the Relief Sought in the *Mazloum* Action Does Not Constitute "Bodily Injury" Caused By An "Occurrence"

27. Essex repeats and incorporates by reference the allegations in Paragraphs 1 through 25 of this Complaint.

28. The Policy provides that "[Essex] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *See* Policy Section I.1.a (as amended by Known Injury of Damage Endorsement, Policy Form CG 00 57 09 99) (Ex. B).

29. The Policy further provides that "[t]his insurance applies to 'bodily injury' ... only if ... [t]he 'bodily injury'... is caused by an 'occurrence' that takes place in the 'coverage territory." *See* Policy Section I.1.b (1) (Ex. B).

30. The Policy defines the term "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *See* Policy Section V.13 (Ex. B).

31. As set forth above, on its face, the *Mazloum* Complaint alleges that he was the victim of a "vicious beating" perpetrated by certain individuals, who bound him with handcuffs and then assaulted him by kicking and punching him repeatedly in the face and by slamming his head into the surface of the street, causing him to bleed profusely and requiring him to seek medical attention.

32. Because the beating of Mazloum was not an "accident," it could not be an "occurrence" nor constitute "bodily injury" under the Policy, and the relief sought by Mazloum

334828 v 1

thus is not within the Policy's insuring agreement.

33. Consequently, Essex is entitled to a declaration that the Policy provides no coverage for the claims asserted in the *Mazloum* Action.

## COUNT II

### Essex is Entitled to Declaratory Relief Because the Relief Sought In The *Mazloum* Action Does Not Constitute "Property Damage"

34. Essex repeats and incorporates by reference the allegations in Paragraphs 1 through 32 of this Complaint.

35. The Policy provides that "[Essex] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *See* Policy Section I.1.a (as amended by Known Injury of Damage Endorsement, Policy Form CG 00 57 09 99) (Ex. B).

36. The Policy defines the term "property damage" to mean

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*See* Policy Section V.17 (Ex. B).

37. The *Mazloum* Action is clearly premised on the physical injuries that Mazloum suffered as a result of an alleged beating, which does not involve "property damage" under the terms of the Policy.

38. The allegations concerning spoliation of evidence and related conspiracy claims similarly do not constitute "property damage" under the terms of the Policy because the damage

334828 v 1

resulting from such allegations relate to Mazloum's legal rights, which is not "tangible property."

39. Because the damages alleged in the *Mazloum* Action do not relate to "property damage," the relief sought by Mazloum thus is not within the Policy's insuring agreement.

40. Consequently, Essex is entitled to a declaration that the Policy provides no coverage for the claims asserted in the *Mazloum* Action.

## COUNT III

### Essex is Entitled to Declaratory Relief
### Based on the Assault and Battery Exclusions

41. Essex repeats and incorporates by reference the allegations in Paragraphs 1 through 39 of this Complaint.

42. The Policy provides that

[t]he coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person.

*See* Policy, Assault And/Or Battery Exclusion Endorsements (Policy Form M/E-024 (9/00)) (the "First Assault and Battery Exclusion") (Ex. B).

43. The Policy also provides that "[t]he coverage under this policy does not apply to 'bodily injury,' … or any injury, loss or damage arising out of …"

4. Assault and/or Battery, or out of any act or omission in connection with the prevention or suppression of such acts whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person.

*See* Policy, Restaurant, Bar, Tavern, Night Clubs, Fraternal and Social Clubs Endorsement § 4 (Policy Form M/E-189 (9/00)) (the "Second Assault and Battery Exclusion") (Ex. B).

- 8 -

44. As set forth above, on its face, the *Mazloum* Complaint alleges that Mazloum was the victim of a "vicious beating" perpetrated by certain individuals, who bound him with handcuffs and then assaulted him by kicking and punching him repeatedly in the face and by slamming his head into the surface of the street, causing him to bleed profusely and requiring him to seek medical attention.

45. Because the wrongful acts complained of in the *Mazloum* Complaint all stem from the deliberate assault and battery of *Mazloum*, all of the damages sought in the *Mazloum* Action necessarily "aris[e] out of assault and/or battery" and thus are barred by the Policy's First and Second Assault and Battery Exclusions.

46. Consequently, Essex is entitled to a declaration that the Policy provides no coverage for the claims asserted in the *Mazloum* Action.

## COUNT IV

### Essex is Entitled to Declaratory Relief
### Based on the Discrimination Exclusion

47. Essex repeats and incorporates by reference the allegations in Paragraphs 1 through 45 of this Complaint.

48. The Policy provides that "[d]iscrimination charges, of any kind, actual and alleged, are not covered under this policy, nor [are] any expenses or obligation to share damages with or repay another whom must pay from same." *See* Policy, Combination General Endorsement § 7 (Policy Form M/E-001 (4/00)) (the "Discrimination Exclusion") (Ex. B).

49. The *Mazloum* Complaint plainly alleges that Mazloum was assaulted because of the defendants' discriminatory animus. For example, the complaint states that "[d]efendants discriminated against plaintiff on account of this ethnic identity. Plaintiff was arrested, beaten and ejected from the Nightclub in par or in whole because of his ethnic heritage. White patrons

of the Nightclub were not treated in a similar fashion." *See Mazloum* Complaint ¶ 71 (Ex. A).

50. Because the wrongful acts complained of in the *Mazloum* action constitute "discrimination charges," coverage is barred by the Policy's Discrimination Exclusion.

51. Consequently, Essex is entitled to a declaration that the Policy provides no coverage for the claims asserted in the *Mazloum* Action.

## COUNT V

### Essex is Entitled to Declaratory Relief Based on the Negligent Hiring and Supervision Exclusion

52. Essex repeats and incorporates by reference the allegations in Paragraphs 1 through 50 of this Complaint.

53. The Policy provides that "[t]he coverage under this policy does not apply to 'bodily injury,' ... or any injury, loss or damage arising out of ...

    6.    Any charges or allegations of negligent hiring, employment, training, placement or supervision, nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same covered in this policy.

*See* Policy, Restaurant, Bar, Tavern, Night Clubs, Fraternal and Social Clubs Endorsement § 6 (Policy Form M/E-189 (9/00)) (the "First Negligent Hiring, Training and Supervision Exclusion") (Ex. B).

54. Similarly, the Policy also provides that there is no coverage for "... any charges or allegations of negligent, hiring, training, placement or supervision." *See* Policy, Assault and Battery Exclusion Endorsement (Policy Form M/E-024 (9/00)) (the "Second Negligent Hiring, Training and Supervision Exclusion") (Ex. B).

55. The *Mazloum* Complaint alleges that Night & Day failed to properly train and supervise its managers and/or employees.

56. Because the wrongful acts complained of in the *Mazloum* Complaint allegedly stem from Night & Day's alleged "negligent hiring, employment, training, placement and supervision" of its managers and/or employees, coverage is barred by the Policy's First and Second Negligent Hiring, Training and Supervision Exclusions.

57. Consequently, Essex is entitled to a declaration that the Policy provides no coverage for the claims asserted in the *Mazloum* Action.

## COUNT VI

### Essex is Entitled to Declaratory Relief Based on the Intentional Acts Exclusion

58. Essex repeats and incorporates by reference the allegations in Paragraphs 1 through 56 of this Complaint.

59. The Policy provides that "[t]his insurance does not apply to:

   a. **Expected Or Intended Injury**

      "Bodily injury" or "property damage" expected or intended from the standpoint of the insured."

*See* Policy Section I.2.a (Ex. B).

60. The *Mazloum* Action alleges that certain insureds intentionally beat Mazloum and that certain insureds intentionally destroyed videotaped evidence of Mazloum's beating or otherwise that the insureds engaged in a deliberate conspiracy to "cover up" the beating of Mazloum.

61. Because all of the damages allegedly suffered by Mazloum were the result of intentional actions, coverage is barred by the Policy's Intentional Acts Exclusion.

62. Consequently, Essex is entitled to a declaration that the Policy provides no coverage for the claims asserted in the *Mazloum* Action.

334828 v 1

## COUNT VII

### Essex is Entitled to Declaratory Relief
### Based on the Owned Property Exclusion

63.     Essex repeats and incorporates by reference the allegations in Paragraphs 1 through 61 of this Complaint.

64.     The Policy provides that "[t]his insurance does not apply to ...

> j.     **Damage To Property**
>
> "Property damage" to:
>
> (1) Property you own, rent or occupy[.]

See Policy Section I.2.j(1) (the "Owned Property Exclusion") (Ex. B).

65.     Mazloum alleges that Defendants destroyed videotaped evidence of the purported beating that was owned by Night & Day.

66.     To the extent that Mazloum's allegations relating to spoliation of evidence are within the scope of the Policy's coverage, the damages resulting from such allegations would be barred by the Policy's Owned Property Exclusion because they relate to videotapes that were owned by Night & Day.

67.     Consequently, Essex is entitled to a declaration that the Policy provides no coverage for the claims asserted in the *Mazloum* Action.

## COUNT VIII

### Essex is Entitled to Declaratory Relief
### Based on the Punitive Damages Exclusion

68.     Essex repeats and incorporates by reference the allegations in Paragraphs 1 through 66 of this Complaint.

69.     The Policy provides that "[p]unitive or [e]xemplary damages [are] not covered

- 12 -

334828 v 1

under this policy nor are any expenses nor any obligation to share damages with or repay anyone else who must pay punitive damages from same." *See* Policy, Combination General Endorsement § 6 (Policy Form M/E-001 (4/00)) (the "Punitive Damages Exclusion") (Ex. B).

70. Because the *Mazloum* Action seeks punitive damages, coverage for such damages is barred by the Policy's Punitive Damages Exclusion. Coverage for such damages is also barred by the public policy of the District of Columbia.

71. Consequently, Essex is entitled to a declaration that the Policy provides no coverage for the punitive damages relief sought in the *Mazloum* Action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Essex requests that the Court enter a judgment in its favor as follows:

A. On Count I, a judicial declaration that there is no coverage for the *Mazloum* Action because the relief sought does not constitute "bodily injury" caused by an "occurrence";

B. On Count II, a judicial declaration that there is no coverage for the *Mazloum* Action because the relief sought does not constitute "property damage";

C. On Count III, a judicial declaration that coverage for the *Mazloum* Action is barred by the Policy's First and Second Assault and Battery Exclusions;

C. On Count IV, a judicial declaration that coverage for the *Mazloum* Action is barred by the Policy's Discrimination Exclusion;

D. On Count V, a judicial declaration that coverage for the *Mazloum* Action is barred by the Policy's Negligent Hiring and Supervision Exclusion;

E. On Count VI, a judicial declaration that coverage for the *Mazloum* Action is barred by the Policy's Intentional Acts Exclusion;

334828 v 1

    F.    On Count VII, a judicial declaration that coverage for the *Mazloum* Action is barred by the Policy's Owned Property Exclusion;

    G.    On Count VIII, a judicial declaration that coverage for the punitive damages sought in the *Mazloum* Action is barred as a result of the Policy's Punitive Damages Exclusion;

    H.    Awarding Essex its attorneys' fees and costs, as appropriate; and

    I.    Awarding Essex such additional declaratory and other relief as shall be found to be appropriate under the circumstances.

Dated: July 19, 2006

By: /s/ Sean M. Hanifin by BCE
Sean M. Hanifin, DC Bar No. 24274
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone: (202) 662-2000
Facsimile: (202) 662-2190

*Attorneys for Plaintiff*
*Essex Insurance Company*

**Of Counsel:**
Benjamin C. Eggert
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone: (202) 662-2000
Facsimile: (202) 662-2190

334828 v 1