### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ESSEX INSURANCE COMPANY** | : | |
| **4521 Highwoods Parkway** | : | |
| **Glen Allen, VA 23060-6148** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Case No.:  1:06CV01280** |
| | : | |
| **NIGHT & DAY MANAGEMENT, LLC** | : | |
| **t/a THE FUR FACTORY** | : | |
| **33 Patterson Street, NE** | : | |
| **Washington, DC 20002** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Michael Rehman** | : | |
| **12001 Galena Road** | : | |
| **Rockville, MD 20852** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Michael Persons** | : | |
| **2602 Brinkley Road, #410** | : | |
| **Fort Washington, MD 20744** | : | |
| | : | |
| **and** | : | |
| | : | |
| **John Fiorito** | : | |
| **2701 Calvert St., NW, Apt. #702** | : | |
| **Washington, DC 20008** | : | |
| | : | |
| **Defendants** | : | |

### ANSWER OF NIGHT AND DAY MANAGEMENT, LLC, MICHAEL REHMAN, MICHAEL PERSONS AND JOHN FIORITO

COMES NOW, Night & Day Management, LLC t/a The Fur Factory, Michael Rehman, Michael Persons, and John Fiorito (collectively "the Defendants"), and respectfully requests that the Court enter an Order extending the time for the filing of responsive pleadings until August 31, 2006 and for cause states as follows:

1.      Paragraph 1 of the Complaint contains a characterization of the claim to which no response is required.

2.      Paragraph 2 of the Complaint contains a characterization of the claim to which no response is required.  The Amended Complaint in *Mazloum v. District of Columbia, et al.*, (D.D.C. Case No. 1:06cv00002) (hereinafter, the "*Mazloum* Complaint"), speaks for itself.

## PARTIES

3.      Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4.      The *Mazloum* Complaint speaks for itself.  Defendants admit the remaining allegations in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants do not understand the term "affiliated" contained in Paragraph 7 of the Complaint.  Defendants admit all other allegations contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      The allegations in Paragraph 8 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

9.      The allegations in Paragraph 9 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

## FACTUAL ALLEGATIONS
### The Policy

10.     The Policy speaks for itself.  To the extent the allegations in Paragraph 10 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

11.     The Policy speaks for itself.  To the extent the allegations in Paragraph 11 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

### The Alleged Beating of Mazloum

12.     The *Mazloum* Complaint speaks for itself.  To the extent the allegations in Paragraph 12 differ, contradict, or alter the meaning of the *Mazloum* Complaint, Defendants deny the same and demand strict proof thereof.

13.     The allegations in paragraph 13 are denied and Defendants demand strict proof thereof.

14.     The *Mazloum* Complaint speaks for itself.  To the extent the allegations in Paragraph 14 differ, contradict, or alter the meaning of the *Mazloum* Complaint, Defendants deny the same and demand strict proof thereof.

15.     The allegations in Paragraph 15 are denied and Defendants demand strict proof thereof.

16.     The allegations in Paragraph 16 are denied and Defendants demand strict proof thereof.

3

**The Alleged Cover Up and Destruction of Evidence**

17.    The allegations in Paragraph 17 are denied and Defendants demand strict proof thereof.

18.    The allegations in Paragraph 18 are denied and Defendants demand strict proof thereof.

19.    The allegations in Paragraph 19 are denied and Defendants demand strict proof thereof.

**The Mazloum Action**

20.    The Complaint filed on January 4, 2006 speaks for itself.  To the extent the allegations in Paragraph 20 differ, contradict, or alter the meaning of said Complaint, Defendants deny the same and demand strict proof thereof.

21.    The *Mazloum* Complaint speaks for itself.  To the extent the allegations in Paragraph 21 differ, contradict, or alter the meaning of the *Mazloum* Complaint, Defendants deny the same and demand strict proof thereof.

22.    The *Mazloum* Complaint speaks for itself.  To the extent the allegations in Paragraph 22 differ, contradict, or alter the meaning of the *Mazloum* Complaint, Defendants deny the same and demand strict proof thereof.

23.    The *Mazloum* Complaint speaks for itself.  To the extent the allegations in Paragraph 23 differ, contradict, or alter the meaning of the *Mazloum* Complaint, Defendants deny the same and demand strict proof thereof.

24.    Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 24.

4

25.     The *Mazloum* Complaint speaks for itself.  To the extent the allegations in Paragraph 25 differ, contradict, or alter the meaning of the *Mazloum* Complaint, Defendants deny the same and demand strict proof thereof.

## CONTROVERSY AND RIPENESS

26.     The allegations in paragraph 26 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

## COUNT I

### Essex Is Entitled to Declaratory Relief
### Because the Relief Sought in the Mazloum Action Does Not
### Constitute "Bodily Injury" Caused by an "Occurrence"

27.     Defendants incorporate their responses to paragraph 1-26 herein.

28.     The Policy speaks for itself.  To the extent the allegations in Paragraph 28 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

29.     The Policy speaks for itself.  To the extent the allegations in Paragraph 29 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

30.     The Policy speaks for itself.  To the extent the allegations in Paragraph 30 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

31.     The *Mazloum* Complaint speaks for itself.  To the extent the allegations in Paragraph 31 differ, contradict, or alter the meaning of the *Mazloum* Complaint, Defendants deny the same and demand strict proof thereof.

5

32.    The allegations in Paragraph 32 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

33.    Defendants deny the allegations in Paragraph 33 and demand strict proof thereof.

### COUNT II

**Essex Is Entitled to Declaratory Relief**
**Because the Relief Sought in the Mazloum Action**
**<u>Does Not Constitute "Property Damage</u>"**

34.    Defendants incorporate their responses to paragraph 1-33 herein.

35.    The Policy speaks for itself.  To the extent the allegations in Paragraph 35 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

36.    The Policy speaks for itself.  To the extent the allegations in Paragraph 36 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

37.    The *Mazloum* Complaint speaks for itself.  To the extent the allegations in Paragraph 37 differ, contradict, or alter the meaning of the *Mazloum* Complaint, Defendants deny the same and demand strict proof thereof.

38.    The allegations in paragraph 38 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

39.     The allegations in paragraph 39 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

40.     Defendants deny the allegations in paragraph 40 and demand strict proof thereof.

## COUNT III

### Essex Is Entitled to Declaratory Relief
### Based on the Assault and Battery Exclusions

41.     Defendants incorporate their responses to paragraph 1-40 herein.

42.     The Policy speaks for itself.  To the extent the allegations in Paragraph 42 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

43.     The Policy speaks for itself.  To the extent the allegations in Paragraph 43 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

44.     The *Mazloum* Complaint speaks for itself.  To the extent the allegations in Paragraph 44 differ, contradict, or alter the meaning of the *Mazloum* Complaint, Defendants deny the same and demand strict proof thereof.

45.     The allegations in Paragraph 45 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

46.     Defendants deny the allegations in Paragraph 46 and demand strict proof thereof.

**COUNT IV**

**Essex Is Entitled to Declaratory Relief**
**Based on the Discrimination Exclusions**

47.     Defendants incorporate their responses to paragraph 1-46 herein.

48.     The Policy speaks for itself.  To the extent the allegations in Paragraph 48 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

49.     The *Mazloum* Complaint speaks for itself.  To the extent the allegations in Paragraph 49 differ, contradict, or alter the meaning of the *Mazloum* Complaint, Defendants deny the same and demand strict proof thereof.

50.     The allegations in paragraph 50 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

51.     Defendants deny the allegations in Paragraph 51 and demand strict proof thereof.

**COUNT V**

**Essex Is Entitled to Declaratory Relief**
**Based on the Negligent Hiring and Supervision Exclusion**

52.     Defendants incorporate their responses to paragraph 1-51 herein.

53.     The Policy speaks for itself.  To the extent the allegations in Paragraph 53 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

54.     The Policy speaks for itself.  To the extent the allegations in Paragraph 54 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

55.     The *Mazloum* Complaint speaks for itself.  To the extent the allegations in Paragraph 55 differ, contradict, or alter the meaning of the *Mazloum* Complaint, Defendants deny the same and demand strict proof thereof.

56.     The allegations in Paragraph 56 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

57.     Defendants deny the allegations in Paragraph 57 and demand strict proof thereof.

### COUNT VI

### Essex Is Entitled to Declaratory Relief
### Based on the Intentional Acts Exclusions

58.     Defendants incorporate their responses to paragraph 1-57 herein.

59.     The Policy speaks for itself.  To the extent the allegations in Paragraph 59 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

60.     The *Mazloum* Complaint speaks for itself.  To the extent the allegations in Paragraph 60 differ, contradict, or alter the meaning of the *Mazloum* Complaint, Defendants deny the same and demand strict proof thereof.

61.     The allegations in Paragraph 61 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

62.     Defendants deny the allegations in Paragraph 62 and demand strict proof thereof.

## COUNT VII

### Essex Is Entitled to Declaratory Relief
### Based on the Owned Property Exclusions

63.     Defendants incorporate their responses to paragraph 1-62 herein.

64.     The Policy speaks for itself.  To the extent the allegations in Paragraph 64 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

65.     The *Mazloum* Complaint speaks for itself.  To the extent the allegations in Paragraph 65 differ, contradict, or alter the meaning of the *Mazloum* Complaint, Defendants deny the same and demand strict proof thereof.

66.     The allegations in Paragraph 66 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

67.     Defendants deny the allegations in Paragraph 67 and demand strict proof thereof.

## COUNT VI

### Essex Is Entitled to Declaratory Relief
### Based on the Punitive Damages Exclusion

68.     Defendants incorporate their responses to paragraph 1-67 herein.

10

69.    The Policy speaks for itself.  To the extent the allegations in Paragraph 69 differ, contradict, or alter the meaning of the Policy, Defendants deny the same and demand strict proof thereof.

70.    The allegations in paragraph 70 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

71.    Defendants deny the allegations in paragraph 71 and demand strict proof thereof.

72.    All allegations not specifically admitted are hereby denied.

## DEFENSES

### First Defense

73.    The Complaint fails to state a claim against the Defendants upon which relief can be granted.

### Second Defense

74.    The Court lacks subject matter jurisdiction.

### Third Defense

75.    Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

Respectfully Submitted,


_____/s/ Patrick J. Kearney_____
Patrick J. Kearney (DC Bar No. 382290)
Selzer Gurvitch Rabin & Obecny, Chartered
4416 East West Highway, Suite 400
Bethesda, Maryland 20814
Phone:  301-986-9600
*Attorneys for Defendants*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer was served via CM/ECF upon Sean M. Hanifin, Esquire and Benjamin C. Eggert, Esquire this 1st day of September, 2006.


_____*/s/ Patrick J. Kearney*_____
Patrick J. Kearney