UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESSEX INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NIGHT & DAY MANAGEMENT, LLC, )<br>  et al., )<br>)<br>Defendants. ) | Civil Action No. 1:06cv1280 |

**DEFENDANTS STATEMENT OF MATERIAL FACTS
IN OPPOSITION TO ESSEX'S MOTION FOR SUMMARY JUDGMENT
AND IN SUPPORT OF DEFENDANTS' CROSS MOTION FOR SUMMARY
JUDGMENT**

Pursuant to LCvR 7 and 56.1, Defendants submit their Statement of Material Facts in Opposition to Essex's Motion for Summary Judgment and in support of Defendants' Cross Motion for Summary Judgment, and state as follows:

1.  Defendants state that the First Amended Complaint speaks for itself, and is the best evidence of its allegations. A copy of the First Amended Complaint is attached as Exhibit 1 to Essex's motion for summary judgment.

2.  Regarding paragraph 6 of Essex's statement of facts, the First Amended Complaint alleges that "As Persons was taking Mr. Mazloum down the stairs from the stage, Mr. Alkadi and Persons bumped into each other and all three fell to the floor." First Amended Complaint, ¶ 19 (attached as Exhibit 1 to Essex's statement of facts). Essex mistakenly states that only two men fell to the floor. Whether two men or three were on the floor could well have

affected how the off duty police officers perceived the situation.

    3.    Regarding paragraph 18 of Essex's statement of facts, Count VIII of the First Amended Complaint contains the following allegations: Rehman and Fiorito were aware as of March 12, 2005 that Mazloum had a potential civil claim against, at a minimum, the nightclub, Persons, Modlin, Phillips, Schneider and Ramirez based upon the beating of Mazloum that occurred at the Nightclub on March 11-12, 2005. Id., ¶ 91. It is further alleged that Rehman and Fiorito had a legal duty to preserve any evidence relevant to Mazloum's potential claim. Id., ¶ 92. (There is no further specificity as to the basis for that duty, but the First Amended Complaint does not characterize it as a contractual duty.) Rehman and Fiorito allegedly oversaw, authorized, and/or participated in the destruction of evidence from security camera monitors mounted inside and outside the Nightclub that would have shown Mr. Mazloum being kicked and beaten. Id., ¶ 93. Because of the destruction of videotaped evidence, Mr. Mazloum's ability to prove the allegations of his civil claim allegedly has been significantly impaired, as the videotape allegedly would have constituted incontrovertible proof of what had occurred both within and outside of the Nightclub; under present circumstances, Mr. Mazloum can only rely on the testimony of eye witnesses and can expect opposing witnesses to present contrary testimony. There is thus a proximate relationship between the destruction of this videotaped evidence and the significant impairment of Mr. Mazloum's ability to prove his case. Id., ¶ 94. Absent the distruction of the evidence, there would have been a significantly greater significant possibility of success on Mr. Mazloum's claims, as he could have more easily corroborated the testimony of his witnesses with incontrovertible documentary proof of what occurred at the nightclub. Id., ¶ 95. The nightclub is liable for the tortious conduct of its agents Rehman and Fiorito under

respondeat superior. Id., ¶ 96. Mazloum has suffered extensive damages, including <u>but not limited to</u> the diminution of his ability to prove his claims. Id., ¶ 97.

4. It is alleged earlier in the First Amended Complaint that as a result of all the claims stated in the Complaint, including the destruction of critical evidence, "Mr. Mozloum has suffered serious physical and emotional injuries, has incurred medical expense and loss of earnings, and his constitutional, statutory and common law rights have been violated." Id., ¶ 4. Thus it is incorrect to assume that only property damage is sought under the negligent spoliation count.

5. The Defendants deny paragraph 21 of Essex's statement of facts, which states in part that "The only counts that remain pending against the Night & Day Defendants are Counts II, V and VIII." That ignores the District of Columbia's Cross-Claim, which incorporates the First Amended Complaint by reference, and seeks contribution or indemnification from the Night & Day Defendants for any liability incurred by the District under the First Amended Complaint. See Cross-Claim attached as Exhibit A.

6. The Defendants state that the Essex policy is itself the best evidence of its terms. However the policy provisions set forth by Essex appear to be accurate. A copy of the Essex

policy is attached as Exhibit 2 to the Essex motion.

                          Respectfully submitted,

                          JORDAN COYNE & SAVITS L.L.P.

                          By:_____/s/_____
                          David B. Stratton, Esq. # 413358
                          1100 Connecticut Ave., N.W.
                          Suite 600
                          Washington, D.C.  20036
                          (202) 296-4747
                          Fax: (202) 496-2800
                          Attorneys for Defendants