IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMILE MAZLOUM

    Plaintiff,

v.

DISTRICT OF COLUMBIA, *et al.,*

    Defendants.

C.A. No. 06-00002 (JDB)

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE FIRST AMENDED COMPLAINT

### FIRST DEFENSE

The First Amended Complaint fails to state a claim against the Defendant District of Columbia ("the District") upon which relief may be granted.

### SECOND DEFENSE

#### Introduction

1. - 4.  The allegations in paragraphs 1-4 of the First Amended Complaint are statements of claims by the pleader to which no response is required. To the extent a response is deemed required, the District denies the allegations and demands strict proof thereof at trial.

#### Jurisdiction and Venue

5. The District acknowledges the existence of the statutory authorities set forth in paragraph 5 of the First Amended Complaint, but denies that it necessarily confers jurisdiction over the District and this matter to the Court.

6. The District acknowledges the existence of the statutory authorities set forth in paragraph 6 of the First Amended Complaint, but denies that it necessarily confers personal jurisdiction or makes venue proper.

**Parties**

7. The District lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 7 of the First Amended Complaint.

8. The District admits that it is a municipal corporation and that MPD is an agency of the District government.

9. The District lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 9 of the First Amended Complaint.

10. The District admits that Anthony Ramirez, Thaddeus Modlin, Richmond Phillips, and Louis Schneider were Metropolitan Police Department officers on March 12, 2005. The remaining allegations are legal conclusions of the pleader to which no response is required.

11. The District lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 11 of the First Amended Complaint.

12. The District admits that Jose Acosta and David Smith are officers of the Metropolitan Police Department. The remaining allegations are legal conclusions of the pleader to which no response is required.

13. The District lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 13 of the First Amended Complaint.

**Factual Allegations Applicable to All Counts**

14. In response to paragraph 14 of the First Amended Complaint , the District admits that in January of 1999, the District, Mayor Williams and the Chief of the MPD "requested that the Department of Justice (DOJ) review all aspects of the Washington Metropolitan Police Department's (MPD) use of force…[;]" and admits that on June 13, 2001, the District and DOJ entered into a Memorandum of Agreement (MOA) that indicated "the City

and the Chief's commitment to minimizing the risk of excessive force in the MPD and to promoting police integrity …[;]" pursuant to the Violent Crime Control and Law Enforcement Act of 1994 (42 U.S.C. Section 14141). The District denies the remaining allegations contained in paragraph 14 of the First Amended Complaint.

15. - 19. The District is without sufficient knowledge to admit or deny the allegations in paragraphs 15 through 19 of the First Amended Complaint. To the extent a response is required, the District denies the allegations.

20. The District admits that Defendant Ramirez and off-duty Officers Modlin, Phillips, and Schneider interacted with Mr. Mazloum at some point in time on the early morning of March 12, 2005, and that, at some point, the MPD officers used handcuffs to secure Plaintiff's arms behind his back. The District lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 20 of the First Amended Complaint. To the extent a response is required, the District denies the allegations.

21. The District admits that some Defendant officers displayed their police badges on March 11 or 12, 2005. The District, however, is without sufficient knowledge to admit or deny the remaining allegations in paragraph 21 of the First Amended Complaint. To the extent a response is required, the District denies the allegations.

22. The District denies the allegations contained in paragraph 22.

23. The District denies the allegation contained in paragraph 23 that relate to the MPD officers. The District, however, is without sufficient knowledge to admit or deny the remaining allegations in paragraph 23 of the First Amended Complaint that concern other parties. To the extent a response is required, the District denies the allegations.

24. The District denies the allegations contained in paragraph 24.

25. The District denies the allegations contained in paragraph 25.

26. The District denies the allegations contained in paragraph 26.

27. The District admits that uniformed MPD police officers Acosta and Smith arrived on the scene in a marked police vehicle, and that one of their handcuffs was exchanged for those on Plaintiff. The District, however, denies the remaining allegations contained in paragraph 27.

28. The District is without sufficient knowledge to admit or deny the remaining allegations in paragraph 28 of the First Amended Complaint to the extent they concern other parties. To the extent a response is required to the remaining allegations, the District denies the allegations.

29. The District admits that the uniformed police officers asked Plaintiff questions about the incident and observed that Plaintiff had some blood on his face. The District, however, denies the remaining allegations contained in paragraph 29.

30. The District admits that the uniformed police officers removed the handcuffs from Plaintiff. The District, however, denies the remaining allegations contained in paragraph 30.

31. The District admits that the Plaintiff got into the backseat of the police cruiser and asked to be taken to the police station. The District, however, denies the remaining allegations contained in paragraph 31.

32. - 34. The District is without sufficient knowledge to admit or deny the remaining allegations in paragraphs 32 through 34 of the First Amended Complaint. To the extent a response is required, the District denies the allegations.

35. The District admits that Mr. Mazloum filed a complaint on March 12, 2005. The District is without sufficient knowledge to admit or deny the remaining allegations in paragraph 35 of the First Amended Complaint.

36. The District is without sufficient knowledge to admit or deny the remaining allegations in paragraph 36 of the First Amended Complaint.

37. The District admits that Mr. Abi-aad and Mr. Alkadi provided written statements and a photograph of Mr. Mazloum was taken. The District is without sufficient knowledge to admit or deny the remaining allegations in paragraph 37 of the First Amended Complaint.

38. The District denies the allegations that pertain to the action taken by MPD. The District is without sufficient knowledge, however, to admit or deny the allegations in paragraph 35 of the First Amended Complaint that concern Mr. Mazloum's actions or the actions of other parties.

39. The District admits that use of force complaints are presented to the United States Attorney's Office (USAO) for review and a determination of whether that office wishes to proceed with criminal proceedings. The District admits that the MOA delineates time lines for investigation and allows for discretion by the USAO to determine how they wish to proceed with referred investigations.

40. The District denies the allegations contained in paragraph 40 of the First Amended Complaint.

41. – 44. The District is without sufficient knowledge to admit or deny the allegations in paragraphs 41 through 44 of the First Amended Complaint. To the extent a response is required, the District denies the allegations.

45. – 47.   The averments set forth in paragraphs 45 through 47 of the First Amended Complaint are the conclusions of the pleader to which no response is required.  To the extent a response is required, the District denies the allegations.

### Causes of Action

### Count I (42 U.S.C. § 1983)

48.   The District adopts and incorporates by reference its responses to paragraphs 1 through 47 as if fully set forth herein.

49.   The averments set forth in paragraph 49 of the First Amended Complaint are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, the District denies the allegations.

50.   The District denies the allegations contained in paragraph 50 of the First Amended Complaint.

51. - 57.   The averments set forth in paragraphs 51 through 57 of the First Amended Complaint are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, the District denies the allegations.

### Count II (Assault & Battery)

58.   The District adopts and incorporates by reference its responses to paragraphs 1 through 57 as if fully set forth herein.

59.   The District denies the allegations contained in paragraph 59 of the First Amended Complaint.

60.   The District denies the allegations contained in paragraph 60 of the First Amended Complaint.

61. - 64. The averments set forth in paragraphs 61 through 64 of the First Amended Complaint are the conclusions of the pleader to which no response is required. To the extent a response is required, the District denies the allegations.

### Count III (Conspiracy to Interfere with Civil Rights - 42 U.S.C. § 1985)

65. The District adopts and incorporates by reference its responses to paragraphs 1 through 64 as if fully set forth herein.

66. – 68. The averments set forth in paragraphs 66 through 68 of the First Amended Complaint are the conclusions of the pleader to which no response is required. To the extent a response is required, the District denies the allegations.

### Count IV (Racial Discrimination - 42 U.S.C. § 1981)

69. The District adopts and incorporates by reference its responses to paragraphs 1 through 68 as if fully set forth herein.

70. The District is without sufficient knowledge to admit or deny the allegations in paragraph 70 of the First Amended Complaint. To the extent a response is required, the District denies the allegations.

71. - 72. The averments set forth in paragraphs 71 through 72 of the First Amended Complaint are the conclusions of the pleader to which no response is required. To the extent a response is required, the District denies the allegations.

### Count V (D.C. Human Rights Act – D.C. Code §§ 2-1401.01 *et seq.*)

73. The District adopts and incorporates by reference its responses to paragraphs 1 through 72 as if fully set forth herein.

74. - 80. The averments set forth in paragraphs 74 through 80 of the First Amended Complaint are the conclusions of the pleader to which no response is required. To the extent a response is required, the District denies the allegations.

### Count VI (Common Law Conspiracy)

81. The District adopts and incorporates by reference its responses to paragraphs 1 through 80 as if fully set forth herein.

82. - 84. The averments set forth in paragraphs 82 through 84 of the First Amended Complaint are the conclusions of the pleader to which no response is required. To the extent a response is required, the District denies the allegations.

### Count VII (Negligence)

85. The District adopts and incorporates by reference its responses to paragraphs 1 through 84 as if fully set forth herein.

86. - 89. The averments set forth in paragraphs 86 through 89 of the First Amended Complaint are the conclusions of the pleader to which no response is required. To the extent a response is required, the District denies the allegations.

### Count VIII (Reckless/Negligent Spoliation of Evidence)

90. - 97. This count has not been alleged against the District and, thus, is not applicable to the District. The District, moreover, is without sufficient knowledge to admit or deny the allegations in paragraphs 90 through 97 of the First Amended Complaint. To the extent a response is required, the District denies the allegations.

### Count IX (Aiding and Abetting Spoliation of Evidence)

98. - 102. This count has not been alleged against the District and, thus, is not applicable to the District. The District, moreover, is without sufficient knowledge to admit or deny the

allegations in paragraphs 98 through 102 of the First Amended Complaint. To the extent a response is required, the District denies the allegations.

Further answering, the District denies all allegations of wrongful conduct, either intentional or negligent, not specifically answered or otherwise responded to.

### THIRD DEFENSE

District denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### FOURTH DEFENSE

District, its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### FIFTH DEFENSE

If Plaintiff was injured and damaged as alleged in the First Amended Complaint, such injuries were the result of his own intentional, illegal and otherwise wrongful conduct.

### SIXTH DEFENSE

To the extent that Plaintiff suffered any injuries alleged in the First Amended Complaint, those injuries resulted from Plaintiff's reckless, willful, and/or wantonly negligent conduct, his sole, concurrent or contributory negligence and his assumption of the risk.

### SEVENTH DEFENSE

If Plaintiff was injured and damaged as alleged in the First Amended Complaint, such injuries and damages were the result of a person or persons other than District, its employees, agents and servants acting within the scope of their employment.

**EIGHTH DEFENSE**

If Plaintiff was injured and damaged as alleged in the First Amended Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than District, its agents, employees, and servants acting within the scope of their employment.

**NINTH DEFENSE**

The District is not liable for the criminal or tortious acts of its agents, employees, and/or servants, as such acts are considered to be outside the scope of their employment.

**TENTH DEFENSE**

To the degree the District or their agents acting within the scope of their employment are alleged to have arrested or detained the Plaintiff, they did so with reasonable and articulable suspicion, probable cause and/or a good faith belief in the lawfulness of their conduct.

**ELEVENTH DEFENSE**

To the degree the District or their agents acting within the scope of their employment are alleged to have used force on the Plaintiff, they did so with a reasonable and good faith belief that it was necessary in the defense of third persons, or in defense of self.

**TWELFTH DEFENSE**

At all times relevant herein, District, its employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

**THIRTEENTH DEFENSE**

District asserts governmental immunity, absence of bad faith and absence of gross negligence and/or reckless indifference.

**FOURTEENTH DEFENSE**

District are immune from the claims of this lawsuit. Liability is barred by the doctrines of sovereign immunity, governmental immunity, qualified immunity, privilege, and discretionary function.

**FIFTEENTH DEFENSE**

Acts or omissions of District, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

**SIXTEENTH DEFENSE**

Plaintiff may have failed to fully comply with the mandatory notice requirements of D.C. Code Section 12-309 (1981).

**SEVENTEENTH DEFENSE**

Plaintiff's claims may be barred by the statute of limitations.

**EIGHTEENTH DEFENSE**

Plaintiff may have failed to mitigate his damages.

**NINETEENTH DEFENSE**

Plaintiff's claims may be barred by collateral estoppel and res judicata.

**TWENTIETH DEFENSE**

Punitive damages are not permissible against the District of Columbia.

**TWENTY-FIRST DEFENSE**

Plaintiff is not entitled to an award of attorney's fees.

District reserves the right to amend its Answer to the First Amended Complaint and to assert any additional defenses that are supported by facts learned through discovery or at trial herein.

## SET-OFF

District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care.

The District of Columbia claims a set-off against any judgment obtained by Plaintiff for any treatment, other benefits or assistance provided by the District of Columbia.

## JURY DEMAND

District hereby demands a trial by jury.

District demand a trial by the maximum number of jurors permitted by law of all issues so triable.

**WHEREFORE**, District demand that the First Amended Complaint be dismissed, and they be awarded the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

 /s/
NICOLE L. LYNCH [471953]
Section Chief
General Litigation § II

BY: /s/
E. LOUISE R. PHILLIPS [422074]
Assistant Attorney General
GEORGE A. GASPER [488988]
Special Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6519, (202) 724-6669

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMILE MAZLOUM

    Plaintiff,

v.

DISTRICT OF COLUMBIA, *et al.,*

    Defendants.

C.A. No. 06-00002 (JDB)

### DEFENDANT DISTRICT OF COLUMBIA'S CROSS CLAIM AGAINST DEFENDANTS NIGHT AND DAY MANAGEMENT, LLC, MICHAEL REHMAN, MICHAEL PERSONS, AND JOHN FIORITO

Defendant District of Columbia ("the District"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 13(g), hereby asserts its Cross Claim against Defendants Night and Day Management, LLC, Michael Rehman, Michael Persons, and John Fiorito. In support thereof, the District states that:

1. Plaintiff Emile Mazloum filed a First Amended Complaint against the District, certain Metropolitan Police Department officers, Night and Day Management, LLC, Michael Rehman, Michael Persons, and John Fiorito on March 7, 2006. The First Amended Complaint, filed as Docket # 28, is incorporated herein.

2. Plaintiff originally brought this action for personal injuries, arising out of an altercation at Fur Night Club, which occurred on or about March 12, 2005.

3. Defendant District of Columbia denies any act or omission on its part which may have caused or contributed to Plaintiff's alleged damages.

4. If Plaintiff sustained any damages, as alleged in the First Amended Complaint, and if such is proven, then his damages are the result of the sole act or omission of the Defendants

Night and Day Management, LLC, Michael Rehman, Michael Persons, and John Fiorito, entitling the District to indemnification from such Defendants.

5. If Plaintiff sustained the damages as alleged in the First Amended Complaint, and if such can be proven, then the acts and omissions of Defendants Night and Day Management, LLC, Michael Rehman, Michael Persons, and John Fiorito contributed to the alleged injuries, entitling District to contribution and indemnification from such Defendants.

6. In conclusion, the District asserts that Defendants Night and Day Management, LLC, Michael Rehman, Michael Persons, and John Fiorito may be liable to the District for all or part of the claim asserted in the action against the District.

WHEREFORE, the District demands judgment by way of indemnification or contribution against Defendants Night and Day Management, LLC, Michael Rehman, Michael Persons, and John Fiorito, and the amount of any judgment that might be entered against it.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

 /s/
NICOLE L. LYNCH [471953]
Section Chief, General Litigation § II

BY: /s/
E. LOUISE R. PHILLIPS [422074]
Assistant Attorney General
GEORGE A. GASPER [488988]
Special Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6519, (202) 724-6669