UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Essex Insurance Company,

       Plaintiff,

v.

Night & Day Management, LLC t/a The Fur
Factory, et al.

       Defendants.

CIVIL ACTION NO. 1:06cv1280

**PLAINTIFF ESSEX INSURANCE COMPANY'S
REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
AND OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In their response to Essex's[1] motion for summary judgment and in support of their cross-motion for summary judgment,[2] the Night & Day Defendants purport to oppose any declaration that there is no coverage for the *Mazloum* Action. However, the Night & Day Defendants:

(1) never dispute – and thus must concede – that no coverage exists for the assault and discrimination counts in the *Mazloum* Action because the Intentional Acts Exclusion, the Assault and/or Battery Exclusions and the Discrimination Exclusion bar coverage for these counts;

(2) assert that Mazloum's allegedly impaired ability to pursue his lawsuit somehow constitutes "bodily injury" and "property damage," while the Policy and applicable authority clearly provide that it is not; and

(3) misconstrue D.C. case law to avoid the fact that the Assault and/or Battery Exclusions and the Discrimination Exclusions bar coverage for the spoliation count.

The Night & Day Defendants lack any support in the facts or applicable law, and, for the reasons set forth below and in its opening brief, Essex is entitled to judgment in its favor as a matter of law. In addition, the Night & Day Defendants' motion for summary judgment should be denied.

---

[1] In the interests of economy, Essex respectfully refers the Court to the defined terms set forth in its memorandum in support of its motion for summary judgment.

[2] Essex notes that the Night & Day Defendants' cross-motion for summary judgment is untimely because it was filed April 16, 2007, two weeks after the April 2, 2007 dispositive motions cut-off established in the Court's October 24, 2006 scheduling order.

**I.    THE NIGHT & DAY DEFENDANTS NEVER DISPUTE THAT MAZLOUM'S ASSAULT AND DISCRIMINATION CAUSES OF ACTION (COUNTS II AND V) DO NOT GIVE RISE TO A DUTY TO DEFEND OR A DUTY TO INDEMNIFY**

As explained in Essex's opening brief, the Intentional Acts Exclusion, Assault and/or Battery Exclusions and Discrimination Exclusion bar coverage for Mazloum's assault (Count II) and discrimination and retaliation (Count V) causes of action.  Essex SJ Br. at 9-12, 13-15.  In response, the Night & Day Defendants focus entirely on the unsupported assertion that Essex has a duty to defend the spoliation cause of action (Count VIII), which Essex addresses below.  Importantly, the Night & Day Defendants **_never_** dispute that the Intentional Acts Exclusion, Assault and/or Battery Exclusions and Discrimination Exclusion bar coverage for the assault and discrimination causes of action.

Because the assault and discrimination counts are barred by these exclusions, Essex has no duty to defend those counts, as the Night & Day Defendants concede by their failure to oppose Essex's motion for summary judgment on these grounds.  Likewise, because Essex has no duty to defend, it has no duty to indemnify the Night & Day Defendants for any damages arising out of the assault and discrimination counts.  *See I.J.G., Inc. v. Penn-America Ins. Co*, 803 A.2d 430, 431 n.1 (D.C. 2002) ("a finding by a court that there is no duty to defend automatically means that there is no duty to indemnify.") (citation and quotation omitted).  *See also Lexington Ins. Co. v. Dreyfuss Bros., Inc.*, Civ. A. No. 92-1640, 1993 WL 102629, at *2 n.3 (D.D.C. Mar. 23, 1993).[3]  Essex is thus entitled to a declaration that there is no duty to defend or to indemnify for Mazloum's assault (Count II) and discrimination (Count V) causes of action.

---

[3] The Night & Day Defendants assert that D.C. law applies.  Because D.C. law and Maryland law are materially similar, the outcome is the same regardless of what law governs.

2

## II.    MAZLOUM'S SPOLIATION CAUSE OF ACTION (COUNT VIII) IS NOT "BODILY INJURY" OR "PROPERTY DAMAGE" AND IS OTHERWISE BARRED BY THE OWNED PROPERTY EXCLUSION

Aware that Essex has no duty to defend Mazloum's assault and discrimination causes of action, the Night & Day Defendants argue that the spoliation count asserts a claim for "bodily injury" or "property damage" and thus gives rise to a duty to defend.  N&D Opp. at 12-13.  As demonstrated in Essex's opening brief, courts repeatedly have held under similar policy language that these arguments must fail.  Furthermore, even if spoliation somehow could be deemed "property damage," the Policy's Owned Property Exclusion unquestionably bars coverage for the purported destruction of Night & Day's videotape evidence.

### A.    Spoliation Is Not "Bodily Injury"

The Night & Day Defendants begin their effort to manufacture coverage by absurdly contending that spoliation constitutes "bodily injury" because "[t]he First Amended Complaint alleges that as a result of all the causes of action, including the destruction of critical evidence, Mr. Mazloum has suffered serious physical and emotional injuries."  N&D Opp. at 12.  *See also* N&D Stmt. of Facts ¶ 4.  Apart from their unsupported gloss, the Night & Day Defendants cannot make a single actual reference to the complaint in the *Mazloum* Action to support the notion that Mazloum's damages from spoliation were anything other than, as stated in the underlying complaint, "the diminution of his ability to prove his claims."  Statement of Facts ¶ 18.  Mazloum may well have been injured by the assault of which he complains, and spoliation, if it occurred, may affect his ability to pursue his assault claim.  The spoliation, however, does not itself constitute "bodily injury."

### B.    Spoliation Is Not "Property Damage"

Perhaps recognizing that a contention that Mazloum suffered "bodily injury" from spoliation makes no sense, the Night & Day Defendants primarily argue that spoliation

constitutes "property damage." N&D Opp. at 12-13. The Night & Day Defendants similarly have no legal or factual support for the argument that spoliation is "property damage," which is defined as "[p]hysical injury to tangible property, including all resulting loss of use of that property[.]" Statement of Facts ¶ 27. Critically, Mazloum claims that the Night & Day Defendants' alleged spoliation diminished his ability to successfully maintain his lawsuit. *Id.* ¶ 18. A diminished ability to prove a legal claim is not "tangible property," and therefore does not qualify as "property damage," as recognized by numerous courts.[4]

**C.    Even If Spoliation Were "Property Damage," the Owned Property Exclusion Applies**

Even if Mazloum's spoliation claim somehow could be considered a "property damage" claim, the Owned Property Exclusion would bar coverage. "The spoliation count alleges damages due to the alleged destruction of videotape evidence and Mazloum's loss of use of that" evidence. N&D Opp. at 12. The Night & Day Defendants concede that the allegedly destroyed tapes were owned by and were within the custody and control of Night & Day. *Id.* at 13. Therefore, regardless of whether Mazloum has lost use of the videotapes, if the spoliation claim were treated as claim for "property damage," that claim is either based upon damage to "property [the insureds] own, rent or occupy" or to "personal property in the care, custody or control of the insured." Damage to property that is owned, rented or in the care, custody or control of the insured is excluded from coverage by the Owned Property Exclusion. Accordingly, Essex does not have a duty to defend or to indemnify for spoliation (Count VIII).

---

[4] *See, e.g., Essex Ins. Co. v. Wright*, 862 N.E.2d 1194, 1196 (Ill. App. Ct. 2007); *Iowa Mut. Ins. Co. v. Hennings*, No. 05-3073, 2006 WL 2945477, at *7 (C.D. Ill. Oct. 13, 2006); *Shaw v. Cambridge Integrated Servs. Group*, 888 So. 2d 58, 63 (Fla. Ct. App. 2004); *Johnson v. Evan Hall Sugar Co-op., Inc.*, 836 So. 2d 484, 489 (La. Ct. App. 2002).

352401 v 1

III.    **COVERAGE FOR SPOLIATION (COUNT VIII) ALSO IS BARRED BY OTHER EXCLUSIONS**

A.      **Spoliation is Barred By the Assault and/or Battery Exclusions**

The Night & Day Defendants contend that the Assault and/or Battery Exclusions do not bar coverage for the spoliation count because the alleged assault was separate from the destruction of evidence. N&D Opp. at 14-16. Contrary to the Night & Day Defendants' assertions, both the beating of Mazloum and the resulting cover-up of that beating unquestionably did "arise out of" an alleged battery and therefore are barred by the Assault and/or Battery Exclusions.

In support of their argument, the Night & Day Defendants first argue that under *Sigmund v. Progressive Northern Insurance Co.*, 374 F. Supp. 2d 33, 38 (D.D.C. 2005) a "direct causal connection" between the assault and destruction of evidence is required. N&D Opp. at 14. The Night & Day Defendants seemingly overlook that the proposition for which they cite *Sigmund* – that is, a causation requirement – was not followed on appeal by the United States Court of Appeals for the District of Columbia, which affirmed *Sigmund* on different grounds. *See Sigmund v. Progressive Northern Ins. Co.*, 179 Fed. Appx. 61 (D.C. Cir. 2006). Even if the proposition for which *Sigmund* is cited by the Night & Day Defendants were good law, *Sigmund* is factually inapposite, and the Night & Day Defendants completely misapply the analysis of that decision. Under very different facts and policy provisions, the *Sigmund* court held that an assailant's bombing of a vehicle did not "arise out of" the use of that vehicle because the vehicle was merely an instrument of the bombing.[5] The *Sigmund* court never required, as the Night &

---

[5] In reaching this holding, the *Sigmund* court noted an absence of D.C. law construing "arising out of" policy language in automobile policies and thus looked to Maryland law regarding those policies. In addition to the fact that automobile policies differ greatly from a commercial general liability policy of the type at issue here, Maryland courts are clear that "arising out of" does not require that the claim be solely caused by the prohibited conduct and

Day Defendants suggest, a direct causal connection or proximate cause in order for Mazloum's

spoliation claim to "arise out of" the assault. *Id.* at 41.

Citing *Interstate Fire & Casualty Co., Inc. v. 1218 Wisconsin Ave., Inc.*, 136 F.3d 830

(D.C. Cir. 1998), the Night & Day Defendants next argue that the Assault and/or Battery

Exclusions do not bar coverage for the spoliation count because the *Interstate Fire* court

purportedly held that a liquor liability exclusion did not bar coverage for a claim that a nightclub

failed to protect the claimant from attack. *See* N&D Opp. at 14-15. Putting aside that such

ruling relates to an exclusion not at issue here, the Night & Day Defendants ignore the *Interstate*

*Fire* court's clear holding that

> [a]ny claim against [the insured] derived from the assault and battery claim
> plainly 'ar[ose] out of … assault and/or battery' and therefore is subject to the
> assault and battery exclusion.

136 F.3d at 834. Mazloum's spoliation claim derived from the assault and therefore is barred by

the Assault and/or Battery Exclusion.[6]

---

hold that the phrase broadly means "originating from, growing out of [or] flowing from." *See*
*No. Assurance Co. v. EDP Floors, Inc.*, 533 A.2d 682, 688-89 (Md. 1987). Here, it is plain that
Mazloum's spoliation claim – the alleged cover up of the beating – originated from, grew out of
and flowed from the assault and thus is barred by the Assault and/or Battery Exclusions.

[6] The Night & Day Defendants also cite *Bucci v. Essex Insurance Co.*, 287 F. Supp. 2d 75
(D. Me. 2003) for the proposition that any claim based on post-assault conduct could not be
barred by an assault and battery exclusion. *See* N&D Opp. 15-16. The *Bucci* court incorrectly
reasoned that the policy's specific reference to the fact that the exclusion bars claims "arising out
of" the prevention or suppression of an assault must mean that the phrase "arising out of" was
intended to be read narrowly; otherwise, such reference would be unnecessary. 287 F. Supp. 2d
at 79. The correct reading, however, is that such policy language operates to distinguish the
assault and battery exclusion from an intentional acts exclusion, which, as here, ordinarily
includes an exception stating that the intentional acts exclusion does not apply to injury
"resulting from the use of reasonable force to protect persons or property," unless otherwise
modified. *See* Statement of Facts ¶ 29. Reflecting that end, the Policy's Assault and/or Battery
Exclusions specifically delete the exception to the Intentional Acts Exclusion. The *Bucci* court's
reasoning thus is flawed, is in conflict with the Policy, and should not be followed here.

352401 v 1

### B.   Spoliation is Barred by the Discrimination Exclusion

In addition, the Night & Day Defendants argue that the Discrimination Exclusion does

not bar coverage for spoliation.  N&D SJ Br. at 16-17.  The Night & Day Defendants ignore that

the wrongful acts alleged in Mazloum's discrimination count against the Night & Day

Defendants are identical to the spoliation claim insofar as they allegedly discriminated by

destroying videotaped evidence in retaliation for Mazloum's pursuit of a lawsuit.  Statement of

Facts ¶¶ 17-18.  Because Mazloum's spoliation claim is based on the same conduct as the alleged

discrimination (*see* Statement of Facts ¶¶ 17-18), the Discrimination Exclusion bars coverage.[7]

## IV.   CONCLUSION

In short, there are no issues of disputed fact,[8] and summary judgment should be entered

in favor of Essex because

(1)   The Night & Day Defendants have not responded to Essex's motion for summary
judgment as respects Counts II and V of the *Mazloum* Action complaint.  Essex's
motion for summary judgment with respect to the applicability of the Intentional
Acts, Assault and/or Battery and the Discrimination Exclusions should be treated as
conceded and, in any event, Essex has shown these exclusions apply;

---

[7] In the final paragraph of their brief, the Night & Day Defendants attempt to
manufacture a duty to defend by suggesting that D.C.'s cross-claim for contribution should be
covered.  Because the contribution claim relates to the same incident, it would be barred from
coverage by the same policy provisions discussed above and in Essex's opening brief.  Turning
to their specific argument, it appears that the Night & Day Defendants contend that D.C.'s
alleged failure to train its officers (Count VII) gives rise to coverage.  In other words, the Night
& Day Defendants contend that Essex must cover a non-insured's (D.C.) failure to properly train
other non-insureds (police officers).  This sort of extenuated vicarious liability simply is not
covered, nor do the defendants explain how it might be.  In any event, the Policy specifically
excludes any claim based on failure to train.  *See* Policy, Assault and/or Battery Exclusion
Endorsement (Endorsement Form M/E-024 (9/00) and Restaurant, Bar, Tavern, Night Clubs,
Fraternal and Social Clubs Endorsement § 6 (attached as Ex. 2 to Declaration of B. Eggert, dated
April 12, 2007, docket entry  20).

[8] In response to the Night & Day Defendants' Statement of Material Facts in Support of
their Motion for Summary Judgment (docket entry no. 22), Essex incorporates by reference its
Statement of Material Facts submitted with its Motion for Summary Judgment (docket entry no.
20).

352401 v 1

(2)  Mazloum's spoliation claim (Count VIII) is not a claim for "property damage" and is not covered; even if a spoliation claim does constitute "property damage," the property that was damaged belonged to the insured, and the Owned Property Exclusion bars coverage; and

(3)  Mazloum's spoliation claim (Count VIII) otherwise is barred from coverage by the Assault and/or Battery Exclusions and the Discrimination Exclusion.

Dated:  April 26, 2007                                    Respectfully submitted,


By:  /s/ Benjamin C. Eggert /s/
Sean M. Hanifin, Bar No. 358347
Benjamin C. Eggert, Bar No. 474218
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C.  20006-1040
Telephone: (202) 662-2000
Facsimile: (202) 662-2190
E-mail: shanifin@rdblaw.com
E-mail: beggert@rdblaw.com

*Attorneys for Plaintiff*
*Essex Insurance Company*

352401 v 1

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April 2007, a copy of the foregoing Essex Insurance Company's Reply Brief in Support of its Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment was filed electronically with the Clerk of the Court using the CM/ECF system, which will send electronic notice of such filing to the following counsel of record:

> David B. Stratton, Esq.
> Jordan Coyne & Savits, L.L.P.
> 1100 Connecticut Avenue, N.W., Suite 600
> Washington, D.C. 20036

/s/ Benjamin C. Eggert /s/
Benjamin C. Eggert

352401 v 1