UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Essex Insurance Company,

      Plaintiff,

v.

Night & Day Management, LLC t/a The Fur Factory, et al.

      Defendants.

CIVIL ACTION NO. 1:06cv1280

**ORDER**

      Upon consideration of Plaintiff Essex Insurance Company's ("Essex") Motion for Summary Judgment and the Memorandum of Points and Authorities, Statement of Undisputed Material Facts, and Declaration of Benjamin C. Eggert, with attached exhibits, submitted in support thereof, the Reply Brief, the Defendants' Opposition and Motion for Summary Judgment, and the record herein, the Court finding there to be no material fact in dispute and finding further that Essex is entitled to judgment as a matter of law, it is hereby

      ORDERED that Essex's motion for summary judgment is GRANTED and that Defendants' motion for summary judgment is DENIED.  It is further

      ORDERED and DECLARED that:

      1.    Essex has no obligation under its policy of insurance to defend or to indemnify Defendants in the action captioned *Emile Mazloum v. District of Columbia Metropolitan Police Department, et al.*, Civ. A. No. 06cv00002 (D.D.C.) (the "*Mazloum* Action");

      2.    All claims asserted against the Defendants in the *Mazloum* Action arise out of an assault and battery alleged to have been committed on or about March 12, 2005;

      3.    All claims asserted against the Defendants in the *Mazloum* Action arise out of

351522 v 2

alleged intentional acts;

    4.    No coverage exists under the Essex policy for any claim asserted in Count II of the *Mazloum* Action by reason of the Essex policy's exclusions for intentional acts and assault and/or battery, and because such claims do not constitute an "occurrence" as defined by the policy;

    5.    No coverage exists under the Essex policy for any claim asserted in Count V of the *Mazloum* Action by reason of the Essex policy's exclusions for intentional acts, assault and/or battery, and discrimination claims, and because such claims do not constitute an "occurrence" as defined by the policy;

    6.    No coverage exists under the Essex policy for any claim asserted in Count VIII of the *Mazloum* Action by reason of the Essex policy's exclusions for intentional acts, assault and/or battery, discrimination claims, and damage to property owned by the insured, and because such claims do not arise out of an "occurrence," "bodily injury" or "property damage" as defined by the policy; and

    7.    No coverage exists for punitive or exemplary damages sought in the *Mazloum* Action by virtue of the Essex policy's exclusion for punitive damages and because insurance for punitive damages is contrary to the public policy of the District of Columbia.

SO ORDERED this _____ day of _____, 2007.

                                                                                    _____
                                                                                     Judge Richard J. Leon
                                                                                     UNITED STATES DISTRICT COURT

351522 v 2

*Copies to:*
Sean M. Hanifin, Esq.
Benjamin C. Eggert, Esq.
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

David B. Stratton, Esq.
Jordan Coyne & Savits, L.L.P.
1100 Connecticut Avenue, N.W., Suite 600
Washington, D.C. 20036

351522 v 2