UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESSEX INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NIGHT & DAY MANAGEMENT, LLC, )<br>et al., )<br>)<br>Defendants. ) | Civil Action No. 1:06cv1280 |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF
CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, by and through their attorneys, David B. Stratton and Jordan Coyne & Savits, L.L.P., and pursuant to Federal Rule of Civil Procedure 56, and LcvR 7(b), hereby submit their reply in further support of their cross motion for partial summary judgment concerning Essex Insurance Company's duty to defend.

1.It is black letter law that if a complaint states a claim within the policy's coverage, the insurer is obligated to accept defense of the entire lawsuit even though the other claims in the complaint are outside of the policy's coverage. *See Commonwealth Lloyds Ins. Co. v. Marshall, Neil & Pauley, Inc.,* 32 F. Supp. 2d 14, 18 (D.D.C. 1998)*; Puritan Ins. Co. v. 1330 Nineteenth St. Corp.*, 1984 Fire & Casualty Cas. (CCH), P1149 (D.D.C. Mar. 19, 1984), *available at* 1984 U.S. Dist. Lexis 18477*, citing Sherman v. Ambassador Insurance Co.*, 670 F.2d 251, 259-60 (D.C. Cir. 1981) and *Donnelly v. Transportation Insurance Co.*, 589 F.2d 761, 767-68 (4th Cir. 1978) (applying the law of the District of Columbia).  As noted in *Donnelly*,

"with the great latitude with which pleadings are construed today, and the great latitude of amendment, an insured's right to a defense should not be foreclosed unless such a result is inescapably necessary." *Id.*, 589 F.2d at 765. "In case of doubt such doubt ought to be resolved in the insured's favor." *Boyle v. National Casualty Co.*, 84 A.2d 614, 616 (D.C. 1951). Consequently, in the case at bar, if there is any possibility that a claim within the operative complaint states a claim within the policy's coverage, Essex is obligated to defend the entire lawsuit. Assuming that finding is made, Essex also should be required to reimburse the Night & Day defendants' attorney's fees and costs incurred to defend the declaratory judgment and establish the insurer's duty to defend.[1]

2. The Court's attention is respectfully invited to the fact that, in the underlying *Mazloum* tort case, the plaintiff has recently moved for leave to file a Second Amended Complaint that adds explicit negligence causes of action based on acts or omissions that allegedly took place prior to the alleged assault.  For convenience, copies of the motion and the proposed Second Amended Complaint are attached as Exhibit A.  That motion has been opposed, and as of this date there has been no ruling on the motion.  Yet it is clear that under D.C. law, the same series of events can give rise to both negligence claims and assault and battery claims. *See, e.g., Reed v. District of Columbia*, 474 F.Supp. 2d 163 (D.D.C. 2007); *Smith v. District of Columbia*, 882 A.2d 778, 789 (D.C. 2005); *Reaves-Bey v. Karr*, 840 A.2d 701, 703 (D.C. 2004); *District of Columbia v. Chinn*, 839 A.2d 701, 706-11 (D.C. 2003); *District of*

---

[1] Essex argues that the cross motion was filed out of time. However, in the action at bar, Essex itself previously filed a consent motion to extend the deadline for dispositive motions to June 1, 2007, which motion is still pending.  Therefore, Essex can hardly argue any prejudice from a cross motion filed in mid-April. In any event, the cross motion is based on the same legal memorandum as the defendants' opposition to Essex's motion for summary judgment.

*Columbia v. White*, 442 A.2d 159, 162-64 (D.C. 1982).

WHEREFORE, for all the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff Essex Insurance Company's motion for summary judgment; that the Court enter partial summary judgment in favor of the Defendants to the effect that Essex Insurance Company has a duty to defend the Mazloum action; and that the Court award the Defendants their reasonable attorney's fees and costs for defending the declaratory judgment action on coverage to date.

Respectfully submitted,

JORDAN COYNE & SAVITS L.L.P.

By: _____/s/_____
David B. Stratton, Esq. # 413358
1100 Connecticut Ave., N.W.
Suite 600
Washington, D.C. 20036
(202) 296-4747
Fax: (202) 496-2800
Attorneys for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served electronically, this 8th day of May, 2007, on the following counsel of record:

>Sean M. Hanifin, Esq.
>Benjamin C. Eggert, Esq.
>Ross, Dixon & Bell, LLP
>2001 K Street, N.W.
>Washington D.C. 20006-1040

>      /s/
>David B. Stratton