UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Essex Insurance Company,

      Plaintiff,

v.

Night & Day Management, LLC t/a The Fur Factory, et al.

      Defendants.

CIVIL ACTION NO. 1:06cv1280

**PLAINTIFF ESSEX INSURANCE COMPANY'S
RESPONSE TO DEFENDANTS' NOTICE OF SUBSTITUTION OF EXHIBIT**

In their Praecipe and Notice of Substitution of Exhibit (docket entry no. 27), the Night & Day Defendants draw the Court's attention to Mazloum's Second Amended Complaint recently filed in the *Mazloum* Action. A motion to file the amended complaint, which was referenced in and attached to the Night & Day Defendants' summary judgment reply brief, ostensibly stated that the then proposed amended complaint purported to add "explicit negligence causes of action based on acts or omissions that allegedly took place prior to the alleged assault." *See* N&D Reply Br. at 2 (docket entry no. 26).

Essex submits this brief only to advise the Court that the recently filed Second Amended Complaint does not contain, as the Night & Day Defendants have suggested, any new negligence cause of action. Indeed, since the filing of the Defendants' summary judgment reply brief, Mazloum has withdrawn the motion to amend the complaint to include a negligence count, specifically noting that he no longer is "seeking to add a new negligence claim against … Michael Persons and Night & Day Management, LLC d/b/a FUR Nightclub." *See* Mazloum's Partial Withdrawal of Motion for Leave to Amend (attached as Exhibit A).

353573 v 1

In other words, Mazloum's Second Amended Complaint that is attached to the Night & Day Defendants' Notice of Substitution of Exhibit (docket entry no. 27) does not include any new claims or allegations against the Night & Day Defendants and is not different substantively from the First Amended Complaint previously attached to the parties' summary judgment briefs.

Accordingly, the Night & Day Defendants' Notice of Substitution of Exhibit and summary judgment reply brief – which addressed none of Essex's coverage arguments concerning indemnity or defense for the beating of Mazloum and the resulting assault, discrimination and spoliation claims – has no bearing on the outcome of the parties' cross-motions for summary judgment.[1]

Dated: May 31, 2007 

Respectfully submitted,

By: /s/ Benjamin C. Eggert /s/
Sean M. Hanifin, Bar No. 358347
Benjamin C. Eggert, Bar No. 474218
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C.  20006-1040
Telephone: (202) 662-2000
Facsimile: (202) 662-2190
E-mail: shanifin@rdblaw.com
E-mail: beggert@rdblaw.com

*Attorneys for Plaintiff*
*Essex Insurance Company*

---

[1] Essex also notes that, like their motion for summary judgment, the Defendants' reply brief was untimely.  Pursuant to Local Rule 7(d) and FRCP 6(e), the reply brief was due May 7, 2007.  Instead, the reply brief was filed May 8, 2007.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 31st day of May 2007, a copy of the foregoing Essex Insurance Company's Response to Defendants' Praecipe was filed electronically with the Clerk of the Court using the CM/ECF system, which will send electronic notice of such filing to the following counsel of record:

> David B. Stratton, Esq.
> Jordan Coyne & Savits, L.L.P.
> 1100 Connecticut Avenue, N.W., Suite 600
> Washington, D.C. 20036

        /s/ Benjamin C. Eggert /s/_____
        Benjamin C. Eggert